IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>ADALBERTO MALDONADO<br><br>Defendant | CIVIL NO. 19-1112 (RAM) |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff United States of America's ("Plaintiff") *Motion [for] Relief From Judgment or Order for Mistake, Inadvertence, Surprise, or Excusable Neglect* ("*Motion*") averring that the Court failed to issue a default judgment specifying the amount imposed upon defendant Adalberto Maldonado ("Defendant"). (Docket No. 14). Plaintiff posits that instead, the prior presiding Judge granted the *Motion for Default Judgment*, but then issued a judgment of dismissal rather than issuing the default judgment. (Docket Nos. 8-9).[1] Thus, it requests the Court grant relief from the dismissal pursuant to Fed. R. Civ. P. 60(b) ("Rule 60(b)") and issue the default judgment. For reasons set below, the Court **GRANTS** the *Motion* and **VACATES** the Judgment at Docket No. 10. A separate default judgment shall issue.

---

[1] The case was transferred to the undersigned on March 3, 2022.

Plaintiff brings its *Motion* specifically under Rule 60(b)(1). (Docket No. 14). This subsection states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(b)(1). However, the First Circuit has reiterated that an error of law, like the one alleged here, "**cannot be regarded as a 'mistake'**" **for purposes of Rule 60(b)(1)**. Mancini v. City of Providence by & through Lombardi, 909 F.3d 32, 47 (1st Cir. 2018) (quoting Fisher v. Kadant, Inc., 589 F.3d 505, 513 n.5 (1st Cir. 2009)) (emphasis added). Moreover, the *Motion* is clearly not warranted by Rule 60(b)'s subsections (2), (3), (4) and (5). Thus, the Court turns to whether relief is available under Rule 60(b)(6).

Rule 60(b)(6) states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This catch all provision requires that the movant set forth extraordinary circumstances allowing for the setting aside of a judgment. *See* Equal Emp. Opportunity Comm'n v. Limenos Corp., 2021 WL 4129380, at *6 (D.P.R. 2021) (citation omitted). Notably, "[d]istrict courts have 'broad discretion' in determining if such circumstances exist." Feliciano-Munoz v. Rebarber-Ocasio, 2021 WL 3835990, at *2 (D.P.R. 2021) (quoting Ruiz-Justiniano v. United States Postal Service, 2018 WL 4558171,

at *1 (D.P.R. 2018)). Accordingly, the First Circuit has explained that a party seeking recourse pursuant to Rule 60(b)(6) must, "at the bare minimum," persuade the court "that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002). Plaintiff meets all four factors.

First, Plaintiff's *Motion* was filed within a reasonable time. Plaintiff filed its *Motion* fourteen months after the erroneous dismissal. (Docket No. 14). The one-year limit imposed by Fed. R. Civ. P. 60(c) is inapplicable because it only governs motions under Rule 60(b)(1), (2) and (3). *See* Fed. R. Civ. P. (60)(c). But, using it as a yardstick, Plaintiff only exceeded it by four months.

Second, the legal error leading to the wrongful dismissal of the case shows exceptional circumstances. More so considering that the prior presiding Judge dismissed the entire case, despite having entered default upon Defendant, rather than issuing the requested default judgment.

Third, given that Defendant clearly failed to answer the Complaint, otherwise plead, or even reply to the *Motion*, the Court finds that if the judgment of dismissal is set aside, Plaintiff

has "the right stuff" to mount a successful default judgment in the amount of $5,000 civil monetary penalty owed by Defendant.

Fourth, Defendant will not suffer any unfair prejudice because the civil monetary penalty object of the default judgment is related to his Criminal Case (Criminal Case No. 17-279-CCC) where he already pled guilty to violations that carry that penalty. Moreover, the restoration of the Complaint in this case will not prejudice Defendant given that the prior presiding judge dismissed it erroneously and prematurely. *See e.g.,* Lopez-Rosario v. Programa Seasonal Head Start, 140 F. Supp. 3d 214, 221 (D.P.R. 2015) (finding that Plaintiffs' motion to reconsider under Rule 60(b)(6) showed they warranted relief because "it is clear that defendant simply have not raised exhaustion as an issue" thus "there was absolutely no basis for this court to raise exhaustion sua sponte and then use it as a ground for dismissal. Taken together, these unforced legal errors constitute an exceptional circumstance.")

Accordingly, Plaintiff's *Motion* is hereby **GRANTED**. The Judgment at Docket No. 10 is **VACATED**. A separate default judgment shall issue.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of August 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
